Jonathan C. Coppom
Wyoming State Bar No. 7-5548
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, WY 82003
(307) 772-2124
jonathan.coppom@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Criminal No. 21-CR-62-J |
| **SHERWIN J. WILLIAMS et al** | |
| Defendant. | |

**MEMORANDUM REGARDING IMPEACHMENT EVIDENCE**

I.  **The Attempt at Providing Statements from Proffers Falls Outside the Scope of Direct Examination and is Barred by Fed. R. Evid. 611(b) and is Improper Impeachment**

Under Fed. R. Evid. 611(b), "[c]ross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility." Agent McGrath testified about Facebook messages, location data, firearms transactions, and other documentary evidence. She did not testify about proffers or offer an opinion on believing one witness over another. Mr. Thomas' proffered questions go beyond the subject of Agent McGrath's direct examination. Moreover, they do not involve "matters affecting the witness's"—that is, Agent McGrath—credibility. They are efforts to enter statements for their truth without calling witnesses, which is prohibited by the rules against hearsay. To the extent they are offered for impeachment, they are offered to impeach not Agent McGrath's credibility, but the credibility of another witness—Ms. Brown-Spigner. This violates the rules of evidence. Fed. R. Evid. 611(b); *see also*

Fed. R. Evid. 607 ("Any party, including the party that called the *witness*, may attack the *witness's* credibility.")

Moreover, Ms. Brown-Spigner testified at trial and, as best as the government currently remembers, was not confronted with a claim that she volunteered to purchase the firearms. Under Fed. R. Crim. P. 613(b), "[e]xtrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if just so requires." Fed. R. Evid. 613(b); *United States v.* Embry, 452 Fed. App'x 826, 834 (10th Cir. 2011). Mr. Thomas had an opportunity to confront Ms. Brown-Spigner with this allegation. He did not do so. Therefore, the testimony is barred under Fed. R. Crim. P. 613(b) and justice does not require an exception given the fact Ms. Brown-Spigner was available for cross examination.

**II. The Attempt at Providing Statements from Proffers Recounting What Sitreya Brown-Spigner Allegedly Said is Hearsay within Hearsay and Violates Fed. R. Evid. 613(b).**

Hearsay is an out of court statement offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(c). When hearsay contains out-of-court statements from yet another third party, it implicates the prohibition against hearsay within hearsay. Fed. R. Evid. 805. Hearsay within hearsay is admissible only if both statements satisfy a hearsay exception. *Id.* Here, Domanesha Bernoudy statement is being offered for the truth of the matter asserted—that is, that she purportedly heard Ms. Brown-Spigner volunteer to purchase firearms. That alleged statement by Ms. Brown-Spigner, if it ever occurred, is also an out of court statement offered for the truth of the matter asserted—that is, it is hearsay. Without an exception to both statements, this Court should bar those statements.

**III.    This Attempt, whether for Truth or Not, is Barred by Fed. R. Evid. 403(b)**

Mr. Thomas has had an opportunity to subpoena witnesses. He did not do so. His efforts to now enter a multitude of out-of-court statements, even if not offered for their truth, should be excluded under Fed. R. Evid. 403. Under that rule, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Here, Mr. Thomas' plan presents unfair prejudice, will confuse the issues, and will mislead the jury. It will, if taken to its likely extreme, insert a multitude of statements from non-testifying witnesses to confuse the issues—indeed, it appears intended to obfuscate the evidence against Mr. Thomas with a shield of out-of-court statements not subject to cross-examination. These statements will come in with an immense degree of unfair prejudice; the government will not be able to rehabilitate the non-testifying individuals being impeached. Therefore, this Court should exclude proffer statements under Fed. R. Evid. 403.

    Therefore, for all of the reasons explained above, this Court should end Mr. Thomas' efforts to introduce a litany of out-of-court statements. It should be prepared to do the same with Mr. Flores.

L. ROBERT MURRAY
United States Attorney

By:     */s/ Jonathan C. Coppom*
        JONATHAN C. COPPOM
        Assistant United States Attorney

**CERTIFICATE OF SERVICE**

This is to certify that on the 12th day of May, 2022, I served a true and correct copy of the foregoing **MEMORANDUM REGARDING IMPEACHMENT EVIDENCE** upon counsel via the Court's CM/ECF system.

/s/*Jonathan C. Coppom*
For the United States Attorney's Office